**Order filed November 23, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00410-CV

## KOFFI JUSTIN NGORAN, Appellant

## V.

## FLAN ROSELINE SEI MESSON, Appellee

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-28888**

## ORDER

Appellant Koffi Justin Ngoran appeals the trial court's final decree of divorce nunc pro tunc[1] dissolving his marriage to appellee Flan Roseline Sei Messon. The trial court's final decree was signed pursuant to a mediated settlement

---

[1] The trial court signed its final decree of divorce on May 5, 2021 and its final decree of divorce nunc pro tunc on June 2, 2021. Both decrees include the following language: "This judgment finally disposes of all claims and all parties and is appealable." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). We note that the second decree was signed within the trial court's plenary power.

agreement filed with the trial court that was signed by the parties and their attorneys, and included language prominently stating that the agreement was not subject to revocation. *See* Tex. Fam. Code Ann. §§ 6.602(b), 153.0071(d), (e).

Ngoran raises two issues. In issue 1, Ngoran argues the trial court's decree is erroneous because the "language for the sale of the marital residence is ambiguous" and "the Trial Court reversibly erred by dividing the marital residence in a manner inconsistent with the mediated settlement agreement." Ngoran's issue 1, however, does not identify any language he contends is ambiguous, nor does Ngoran specify the language or provision in the trial court's final decree that is inconsistent with the parties' mediated settlement agreement. We hold that issue 1 is inadequately briefed. Tex. R. App. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

In issue 2, Ngoran contends the "Trial Court signed a decree that contains provisions and awards that are nowhere in the [mediated settlement agreement]" and "the terms and provisions in the *'Marital Home'* section of the Final Decree of Divorce Nunc Pro Tun[c] are not contained in the [mediated settlement agreement]." The trial court's decree, however, contains no section by that name. Even if it did, Ngoran again does not identify any specific "provisions and awards" or "terms and provisions" that are contained in the trial court's decree but not the parties' mediated settlement agreement. We hold issue 2 is inadequately briefed. *Id.*

Ngoran is notified that post-submission consideration of the case has been postponed, and unless an amended brief that complies with Texas Rule of Appellate Procedure 38.1(i) is filed with the clerk of this court on or before December 8, 2022, the appeal will be dismissed for want of prosecution. *See* Tex. R. App. P. 38.1(i), 38.9(b), 42.3(b). Ngoran is further notified that an amended brief cannot add new issues, but is limited to adequately briefing the two issues raised in the appellant's brief.

PER CURIAM

Panel consists of Justices Spain, Poissant, and Wilson.